**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE
2026 SEP -8 P 12: 13
U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action No. ____________________

DENNIS BAILLARGEON,

Plaintiff,

v.

COLLEEN OGILVIE, in her official capacity as

Registrar of the Massachusetts Registry of Motor Vehicles,

Defendant.

**COMPLAINT**

**JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant performs her official duties within this District and the events giving rise to this action occurred within this District.

**PARTIES**

3. Plaintiff Dennis Baillargeon resides in Lowell, Massachusetts.

4. Defendant Colleen Ogilvie is the Registrar of the Massachusetts Registry of Motor Vehicles ("RMV") and is sued in her official capacity.

**FACTUAL ALLEGATIONS**

5. Plaintiff's Massachusetts driver's license has been suspended since 2023, following a June 22, 2023 conviction in New Hampshire.

6. The RMV's suspension is reciprocal, treating Plaintiff's New Hampshire conviction as if it occurred in Massachusetts, pursuant to M.G.L. c. 90, § 22(c).

7. Plaintiff has participated in RMV hearings by telephone on at least three occasions since 2023, each requiring Plaintiff to first schedule a phone hearing by phone. On one such occasion the Hearing Officer was a woman; on two others, a man.

8. RMV printouts dated April 26, 2023 and May 26, 2023 reflect that a single sanction — "Suspended - NRVC Withdrawal," for the period September 1, 2019 to January 13, 2020 — was erroneously duplicated across eleven separate line entries on Plaintiff's account, each separately assessed a fee, for a cumulative erroneous charge of $1,100.00. Following a telephone hearing on June 14, 2023, at which Plaintiff was required to produce certified copies of his Massachusetts and New Hampshire driving records, this duplicated charge was corrected and removed from Plaintiff's account within days.

9. At each of the hearings described in Paragraph 7, the Hearing Officer declined to address the substance of Plaintiff's dispute, informing him only that he must resolve the matter "through the court," notwithstanding that Plaintiff's dispute concerned matters within the RMV's own administration, not the validity of his underlying conviction.

10. Plaintiff has paid the RMV's $100.00 reinstatement fee on two separate occasions since 2023. As of August 21, 2026, the RMV's own reinstatement requirements document continues to list this $100.00 fee as outstanding and unpaid.

11. Plaintiff has raised this discrepancy directly with RMV representatives, who have not corrected the record or provided any explanation.

12. At no point has any RMV Hearing Officer or representative conducted a review addressing the accuracy of Plaintiff's fee-payment history or the correctness of the suspension terms currently applied to his record.

13. Plaintiff is a self-employed home improvement and repair contractor whose ability to work has been directly and substantially impaired by the loss of his driver's license. Plaintiff currently subsists on Social Security income.

**COUNT I**

**VIOLATION OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983; U.S. CONST. AMEND. XIV)**

14. Plaintiff incorporates by reference the allegations set forth above.

15. A driver's license is a protected property interest under the Due Process Clause of the Fourteenth Amendment. Bell v. Burson, 402 U.S. 535, 539 (1971).

16. Due process requires that a licensee be afforded a hearing that meaningfully addresses the elements essential to the decision being made. A hearing that excludes consideration of such an essential element does not satisfy the requirements of due process. Id. at 542.

17. The hearings Plaintiff has received have excluded consideration of essential, disputed elements plainly within the RMV's own administrative authority to resolve — specifically, whether Plaintiff's reinstatement fee payment history has been accurately recorded, and whether the terms of his suspension have been correctly calculated and applied.

18. That the RMV has previously corrected a significant erroneous charge following a hearing that actually engaged with the dispute — see Paragraph 8, supra — confirms that Plaintiff's current fee-payment discrepancy is the kind of error the RMV's own hearing process is capable of resolving. The Hearing Officers' refusal to even consider it is not a limitation of the process itself, but a specific failure to apply that process here.

19. Defendant's practice of directing Plaintiff to "resolve the matter through the court" — where no such administrative dispute is properly before any court — has deprived Plaintiff of any forum in which these RMV-administered questions can be meaningfully reviewed.

20. As a direct result of this ongoing deprivation of process, Plaintiff has been unable to obtain correction of a demonstrable error in his fee-payment record, has been unable to obtain a determination of whether his suspension is being correctly administered, and has remained unable to work in his profession.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant's practice of denying Plaintiff a hearing addressing the accuracy of his fee-payment history and suspension terms violates the Due Process Clause of the Fourteenth Amendment;

B. Order Defendant to provide Plaintiff a meaningful administrative hearing addressing the accuracy of his fee-payment record and the correctness of his suspension's terms and calculation;

C. Order Defendant to correct any errors identified in that hearing, including crediting any reinstatement fees already paid;

D. Grant such other and further relief as this Court deems just and proper.

Date: September 04, 2026

Respectfully submitted,

Dennis Baillargeon, Plaintiff, pro se

#555 Merrimack Street, #401

Lowell, MA 01854

978-601-3588

dennisbaillargeon4@gmail.com